**In re Richard A. COLE, Debtor.**

**James S. HAYHOE, Appellant,**

v.

**Richard A. COLE, Appellee.**

BAP No. NC–97–1857–RYJUR.
Bankruptcy No. 94–45829–TS.
Adversary No. 94–4748–AT.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Sept. 25, 1998.

Decided Oct. 27, 1998.

David J. Cook, Cook, Perkiss Professional Law Corporation, San Francisco, CA, for James S. Hayhoe.

Irving J. Kornfield, Kornfield, Paul & Bupp, Oakland, CA, for Richard A. Cole.

Before RYAN, JURY,[1] and RUSSELL, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge.

Creditor James S. Hayhoe ("Appellant") filed a complaint (the "Complaint") to determine the dischargeability of a debt pursuant to Bankruptcy Code (the "Code")[2] § 523(a)(2)(A).[3] Appellant relied solely on a state court stipulation (the "Stipulated Judgment") whereby debtor Richard A. Cole ("Appellee") stipulated that if he attempted to discharge in bankruptcy the debt that he owed Appellant, the debt would be deemed nondischargeable under § 523(a)(2)(A).

Appellant subsequently filed a motion for summary judgment (the "Motion"), arguing that the Stipulated Judgment and admissions in his answer set forth sufficient undisputed facts to require the court to grant the Motion. Appellee opposed the Motion and filed a counter motion for summary judgment (the "Counter Motion"), arguing that the Complaint failed to state sufficient grounds to support the § 523(a)(2)(A) claim. The bankruptcy court denied the Motion and granted the Counter Motion. The bankruptcy court held that the Stipulated Judgment could not be used to prove liability under § 523(a)(2)(A) because it was an impermissible attempt to waive the bankruptcy discharge. Also, collateral estoppel did not apply because the Stipulated Judgment did not establish the factual or legal basis for the nondischargeability of the underlying debt. We AFFIRM.

## I. FACTS

In 1991, Appellant and Appellee entered into a business relationship to promote an auto racing team to compete in various auto races (the "Business"). As part of his contribution to the Business, Appellee executed a promissory note (the "Note") on his residence in favor of Appellant in the amount of $286,282 plus interest at three percent per annum.[4]

In May 1993, Appellant filed a complaint in the state court for nonpayment of the Note and other related causes of action. Shortly thereafter, Appellant obtained an ex parte writ of attachment (the "Writ of Attachment").

In July 1993, Appellee filed a cross complaint, alleging numerous causes of action, including breach of contract and fraud. Appellee also asserted that he owned part of the Business and that Appellant had breached

---

1. Hon. Meredith A. Jury, Bankruptcy Judge for the Central District of California, sitting by designation.

2. The Code is set forth in 11 U.S.C. §§ 101–1330 (1998).

3. Code § 523(a)(2)(A) states in pertinent part:

 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

 . . . .

 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . .

 11 U.S.C. § 523(a)(2)(A).

4. The Note was executed as an equalizing payment to equalize the amount of money invested by each party.

their agreement by excluding him from involvement in the Business.

On August 20, 1993, the parties agreed that Appellant would release the Writ of Attachment and Appellee would release and transfer his interest in the Business to Appellant. Appellee also agreed to dismiss the cross complaint with prejudice.

The parties later agreed to the Stipulated Judgment which provided that Appellant had a judgment for $298,134.84 (the "Debt"), that the Debt would be paid per a schedule with interest of ten percent per annum, and that, as long as Appellee complied with the Stipulated Judgment, Appellee would be entitled to commissions earned on all sponsorship income that he obtained for the Business. Appellee also dismissed the cross complaint with prejudice.

The Stipulated Judgment also provided that: (1) Appellant agreed not to list the Debt in any bankruptcy petition or request that the Debt be discharged; (2) Appellee represented that he had sufficient monies to pay the Debt and Appellant relied on the representation in releasing the Writ of Attachment; (3) the Debt was nondischargeable pursuant to § 523(a)(2)(B); (4) Appellant would not have released the Writ of Attachment "but for the specific representations made by [Appellee] in relationship to the non-dischargeability of this debt"; and (5) "[i]f, for any reason, [Appellee] attempts to discharge this debt through bankruptcy, [Appellee] hereby acknowledges, covenants and agrees that [Appellee] obtained a release of [Appellant's] security for this debt under false pretenses (and thus, this debt would be non-dischargeable under § 523(a)(2)(A) ...)." Stipulation for Entry of J. and Order Thereon, at 6.

On August 29, 1994, Appellee filed a chapter 7 bankruptcy petition. On December 5, 1994, Appellant filed the Complaint. At trial, the bankruptcy court excluded certain testimony and documents disclosed in Appellant's late filings. This left Appellant with only his testimony in evidence. Appellee then moved for dismissal under Federal Rule of Civil Procedure ("FRCP") 41, which the court granted.

Appellant appealed the dismissal order to the district court. The district court held that the bankruptcy court abused its discretion in dismissing the case because dismissal was too severe a sanction for the inadvertent violation of the local rule and vacated and remanded the case.

Appellant then filed the Motion contending that the statements set forth in the Stipulated Judgment, in addition to the allegations in the Complaint and the admissions in the answer, constituted a sufficient basis for entry of summary judgment in his favor.

Appellee filed the Counter Motion, asserting that the provisions in the Stipulated Judgment constituted an impermissible agreement to waive the dischargeability of the Debt, and thus, was void as against public policy. Appellee argued that the doctrine of collateral estoppel was inapplicable because the action on the Note was strictly a contract dispute and not a debt based on false pretenses, false representation, or actual fraud. Appellee also argued that Appellant failed to establish that any part of the Debt was obtained by false representation, false pretenses, or actual fraud. Finally, Appellee requested sanctions for having to defend against the Motion.

On September 4, 1997, the bankruptcy court denied the Motion and granted the Counter Motion. The court determined that the Stipulated Judgment was an unenforceable attempt to prospectively waive the bankruptcy discharge. In addition, the parties conceded that the state court complaint did not allege fraud in connection with the Note and there was no allegation or evidence of fraud in connection with the Stipulated Judgment and the Debt. The court also denied the Counter Motion as to unplead claims for relief and permitted Appellant to file an amended complaint.[5] In the event that Ap-

---

5. After determining that the underlying debt that was the subject of the state court litigation was a mere business debt, and thus, dischargeable in bankruptcy, the bankruptcy court provided Appellant an opportunity to amend the Complaint and allege that the Stipulated Judgment was entered into as the result of false representation, false pretenses, or actual fraud for purposes of § 523(a)(2)(A). The bankruptcy court deter-

pellant did not file a timely amended complaint, the bankruptcy court held that Appellee could file a proposed order disposing of the entire case.

On November 19, 1997, after Appellant failed to file an amended complaint, the bankruptcy court entered an order (the "Order") granting the Counter Motion and denying the Motion in its entirety.

On November 26, 1997, Appellant filed a timely notice of appeal.

## II. ISSUES

A. Whether the bankruptcy court erred when it determined that the prospective waiver of discharge was void as against public policy.

B. Whether the bankruptcy court erred when it denied the Motion and granted the Counter Motion on the basis that the Stipulated Judgment was not entitled to collateral estoppel application and the Complaint failed to state a claim for relief under § 523(a)(2)(A).

## III. STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and the court's conclusions of law de novo. *See Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995), *cert. denied*, 516 U.S. 1049, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996) (citing *Sousa v. Miguel (In re United States Trustee)*, 32 F.3d 1370, 1372 (9th Cir.1994)). We review the bankruptcy court's application of collateral estoppel de novo. *See Lake v. Capps (In re Lake)*, 202 B.R. 751, 755 (9th Cir. BAP 1996); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995).

Similarly, we review rulings on summary judgment de novo. *See Bank of Los Angeles v. Official PACA Creditors' Comm. (In re Southland + Keystone)*, 132 B.R. 632, 637 (9th Cir. BAP 1991).

## IV. DISCUSSION

A. *The Bankruptcy Court Did Not Err In Concluding That Appellee's Prepetition Waiver Of Discharge Was Void As Against Public Policy.*

The bankruptcy court held that the Stipulated Judgment was "nothing but an attempt to waive the bankruptcy discharge prospectively, and [was] therefore ... [un]enforceable." Tr. of Proceedings, Mot. for Summary J. (Sept. 4, 1997), at 3. No appellate court has expressly ruled on the validity of prepetition waivers of the bankruptcy discharge. However, the Seventh Circuit, in *Klingman v. Levinson*, 831 F.2d 1292, 1296 n. 3 (7th Cir. 1987), stated in dictum that a debtor cannot contract away his right to a discharge. In *Levinson*, a creditor filed a nondischargeability action against the debtor alleging that a state court consent judgment was nondischargeable. The bankruptcy court granted summary judgment in favor of the creditor and the debtor appealed. The district court affirmed. In affirming, the Seventh Circuit held that the stipulated judgment established fiduciary defalcation for purposes of § 523(a)(4). *Id.* at 1292–96. In a footnote, the court stated in dictum that, "[f]or public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlying facts that the bankruptcy court must examine to determine whether a debt is dischargeable." *Id.* at 1296 n. 3. Because the stipulated facts in the judgment established all of the elements of the § 523(a)(4) cause of action, the court held that collateral estoppel applied. *Id.* at 1295–96. The court did not rely on the purported waiver of discharge for its affirmance. *Id.* at 1296 n. 3.

■■■ Although no appellate court has decided the issue, many trial courts have held that prepetition waivers of the bankruptcy discharge are unenforceable.[6] Additional

---

mined that the Stipulated Judgment, by itself, did not support the § 523(a)(2)(A) claim.

**6.** *See Giaimo v. Detrano (In re Detrano)*, 222 B.R. 685, 688 (Bankr.E.D.N.Y.1998) ("As a matter of superseding federal bankruptcy policy ..., a prepetition waiver of a discharge of a particular

debt or of all debts is against public policy and unenforceable.") (citing *Levinson*, 831 F.2d at 1296 n. 3) (other citation omitted); *Shaw Steel, Inc. v. Morris (In re Morris)*, 1998 WL 355510, at *8 (Bankr.N.D.Ill. June 30, 1998) ("An agreement to waive the dischargeability of a debt is

courts have held that prepetition waivers of other bankruptcy benefits are also unenforceable.[7] An analogy can also be drawn to the unenforceability of "ipso facto" clauses in bankruptcy. An ipso facto clause is a provision in an executory contract or unexpired lease that results in a breach solely due to the financial condition or the bankruptcy filing of a party. Such clauses are generally unenforceable in bankruptcy. *See Bruder v. Peaches Records and Tapes, Inc. (In re Peaches Records and Tapes, Inc.),* 51 B.R. 583, 587 n. 6 (9th Cir. BAP 1985) (citing § 365(e)(1)); *In re Winters,* 69 B.R. 145, 146 (Bankr.D.Or.1986).

Appellant has not cited a single case that recognizes the validity of prepetition waivers of discharge resulting from state court litigation. We have only found three cases where

courts have held that waivers of discharge in bankruptcy proceedings did not have to comply with the reaffirmation requirements of § 524. *See Martinelli v. Valley Bank of Nev. (In re Martinelli),* 96 B.R. 1011, 1014 (9th Cir. BAP 1988); *Saler v. Saler (In re Saler),* 205 B.R. 737, 744 (Bankr.E.D.Pa. 1997), *aff'd,* 217 B.R. 166 (E.D.Pa.1998); *Laing v. Johnson (In re Laing),* 1993 WL 732230, at *4 (N.D.Okla. Oct. 25, 1993), *aff'd,* 31 F.3d 1050 (10th Cir.1994).

■ However, these cases are distinguishable from the situation here. In all three cases, the settlement occurred in nondischargeability litigation in the bankruptcy court and not litigation in state court. As stated in *Saler,* "the settlement of bankruptcy discharge litigation materially differs from

not enforceable as a matter of public policy. This is distinct from a factual stipulation entered into between parties in a prior ... litigation which may properly serve as the basis for application of the doctrine of collateral estoppel ...."); *Chilcoat v. Minor (In re Minor),* 115 B.R. 690, 694–96 (D.Colo.1990) (holding that a prepetition waiver of a bankruptcy discharge of an individual debt is invalid unless the waiver complies with the requirements for approval of a reaffirmation agreement under § 524(c)); *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge),* 80 B.R. 581, 586 (Bankr.M.D.Ga.1987) (holding that "the provisions of the consent judgment which pertain to the waiver of Defendant's right to a discharge are void"); *First Ga. Bank v. Halpern (In re Halpern),* 50 B.R. 260, 262 (Bankr. N.D.Ga.1985) ("Policy considerations dictate that dischargeability questions cannot be predetermined either by a state court or by agreement of the parties prior to or in anticipation of the possible filing of a bankruptcy case."), *aff'd,* 810 F.2d 1061 (11th Cir.1987); *Bisbach v. Bisbach (In re Bisbach),* 36 B.R. 350, 352 (Bankr. W.D.Wis.1984) (holding that a prepetition waiver in a divorce agreement that described the debt as maintenance or support, and thus, nondischargeable, was unenforceable); *Johnson v. Kriger (In re Kriger),* 2 B.R. 19, 23 (Bankr.D.Or.1979) ("It is a well settled principle that an advance agreement to waive the benefit of a discharge in bankruptcy is wholly void, as against public policy.").

**7.** *See Fallick v. Kehr,* 369 F.2d 899, 904 (2d Cir.1966) (stating in dictum that advance agreements to waive the benefits of bankruptcy are void); *In re Weitzen,* 3 F.Supp. 698, 698 (S.D.N.Y.1933) ("The agreement to waive the benefit of bankruptcy is unenforceable. To sustain a contractual obligation of this character would frustrate the object of the Bankruptcy Act ...."); *In re Shady Grove Tech Ctr. Assocs. Ltd.*

*Partnership,* 216 B.R. 386, 390 (Bankr.D.Md. 1998) ("[P]rohibitions against the filing of a bankruptcy case are unenforceable, self-executing clauses in pre-petition agreements purporting to provide that no automatic stay arises in a bankruptcy case are contrary to law and hence unenforceable, and ... self-executing clauses in prepetition agreements ... to vacate the automatic stay are likewise unenforceable."); *In re South East Financial Assocs., Inc.,* 212 B.R. 1003, 1005 (Bankr.M.D.Fla.1997) (recognizing that a prepetition waiver of bankruptcy benefits is not self-executing or binding on third parties); *In re Gulf Beach Dev. Corp.,* 48 B.R. 40, 43 (Bankr.M.D.Fla.1985) (stating in dictum that "the Debtor cannot be precluded from exercising its right to file Bankruptcy and any contractual provision to the contrary is unenforceable as a matter of law"); *In re Tru Block Concrete Prods., Inc.,* 27 B.R. 486, 492 (Bankr.S.D.Cal.1983) ("It is a well settled principal that an advance agreement to waive the benefits conferred by the bankruptcy laws is wholly void as against public policy"); *In re Pease,* 195 B.R. 431, 435 (Bankr. D.Neb.1996) ("I conclude that any attempt by a creditor in a private pre-bankruptcy agreement to opt out of the collective consequences of a debtor's future bankruptcy filing is generally unenforceable. The Bankruptcy Code pre-empts the private right to contract around its essential provisions, such [as] those found in 11 U.S.C. § 362."); *In re Madison,* 184 B.R. 686, 690 (Bankr.E.D.Pa.1995) (holding that a prepetition agreement to waive a debtor's right to file further bankruptcies within 180 days from the filing of the debtor's last bankruptcy petition was unenforceable because it violated public policy). *But see In re Wald,* 211 B.R. 359, 361 (Bankr.D.N.D. 1997) (stating that a showing of special circumstances is required to relieve a party from a prepetition stipulation that permitted the creditor to commence foreclosure upon default).

agreements reached in prebankruptcy state court litigation. In prebankruptcy litigation, the question of the dischargeability of the debt is not in issue." *Saler*, 205 B.R. at 745–46 (citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)). However, dischargeability is the "central issue in bankruptcy dischargeability litigation," and bankruptcy courts have exclusive jurisdiction to determine the dischargeability of a claim under § 523(a)(2). *Id.* at 746. Consequently, a state court stipulated judgment where the debtor waives his right to discharge is unenforceable as against public policy. However, a stipulation in a related bankruptcy case that a debt is nondischargeable is enforceable and res judicata. *Id.* at 749.[8]

■ This makes sense for the following reasons. First, pursuant to § 523(c),[9] bankruptcy courts have exclusive jurisdiction to determine the dischargeability of claims arising under § 523(a)(2). *See Seven Elves, Inc. v. Eskenazi (In re Eskenazi)*, 6 B.R. 366, 368–69 (9th Cir. BAP 1980) (citing *Brown*, 442 U.S. at 138, 99 S.Ct. 2205); *Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir.1996); *Saler*, 205 B.R. at 742; 4 L. KING, COLLIER ON BANKRUPTCY ¶ 523.26, at 523–11 (15th ed. rev. 1996). *See also* H.R.REP. No. 595, 95th Cong., 1st Sess. 365 (1977) ("Subsection (c) requires a creditor who is owed a debt that may be expected [sic] from discharge under paragraph (2), (4), or (6) . . . *to initiate proceedings in the bankruptcy court* for an exception to discharge. . . .") (emphasis added); S.REP. No. 989, 95th Cong., 2d Sess. 80 (1978) (same). Thus, the bankruptcy court must make a determination regarding the dischargeability of a § 523(a)(2) claim notwithstanding a state court stipulated judgment or prepetition agreement that purports to determine the dischargeability of a debt. *See, e.g., Eskenazi*, 6 B.R. at 368–69 (holding that res judicata cannot be applied to fore-

close an adversary litigation of a nondischargeability "claim" in bankruptcy court).

■ Second, there is no recognized exception to discharge for prepetition waivers of discharge or dischargeability. Section 727(b) states that all debts are dischargeable in bankruptcy unless specifically excepted under § 523. *See* 11 U.S.C. § 727(b). "Exceptions to discharge are to be narrowly construed in favor of the debtor." *Aetna Fin. Co. v. Neal (In re Neal)*, 113 B.R. 607, 609 (9th Cir. BAP 1990) (citing *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998, 999 (9th Cir.1983); *American Fed'n of State, County and Municipal Employees, Local 2051 v. Stephens (In re Stephens)*, 51 B.R. 591, 595 (9th Cir. BAP 1985); *Eisen v. Linn (In re Linn)*, 38 B.R. 762, 763 (9th Cir. BAP 1984)). Section 523 enumerates the exceptions to discharge, but does not except from discharge those debts that the debtor has agreed prepetition not to be discharged in bankruptcy. *See* 11 U.S.C. § 523(a). If bankruptcy courts enforced prepetition waivers of discharge, they would effectively be creating an exception to discharge that Congress had not enumerated.

■ In addition, Congress has only provided two methods for a debtor to waive the discharge of all debts or the dischargeability of specific debts. Section 727(a)(10) permits a debtor to waive the discharge of *all* debts simply by executing a postbankruptcy written agreement that is approved by the bankruptcy court. *See* 11 U.S.C. § 727(a)(10). Similarly, a debtor may waive the dischargeability of a *specific* debt if the waiver satisfies the reaffirmation requirements of § 524(c). *See* 11 U.S.C. § 524(c). Where Congress has failed to include language in statutes, it is presumed to be intentional when it has used such language elsewhere in

---

8. *Cf. FDIC v. Daily (In re Daily)*, 47 F.3d 365, 369 (9th Cir.1995) (holding that a debtor's postpetition stipulation that a district court judgment against the debtor would be nondischargeable was binding as to the issues relevant to discharge).

9. Section 523(c) states in pertinent part:
(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be

discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.
11 U.S.C. § 523(c).

the Code. *See Hohn v. United States*, —— U.S. ——, 118 S.Ct. 1969, 1977, 141 L.Ed.2d 242, 258 (1998) (citing *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). Here, Congress' failure to authorize prepetition waivers of discharge, while at the same time authorizing certain postpetition waivers of discharge pursuant to §§ 524(c) and 727(a)(1), must be viewed as intentional. Sections 524(d) and (c) "have been applied strictly by the courts to carry out their remedial purposes and to ensure that they are not evaded by agreements which, though not labeled as reaffirmations, have the effect of waiving the protections of the discharge." 4 L. KING, COLLIER ON BANKRUPTCY ¶ 524.04, at 524–30 n. 3. (15th ed. rev.1998)

■ Finally, an exception to discharge impairs the debtor's fresh start and should not be read more broadly than necessary to effectuate policy, e.g., preventing debtors from avoiding debts incurred by fraud or other culpable conduct. *See Ellwanger v. Bette Joyce McBroom Estate (In re Ellwanger)*, 105 B.R. 551, 556 (9th Cir. BAP 1989), *abrogated on other grounds, Bugna v. McArthur (In re Bugna)*, 33 F.3d 1054, 1059 n. 6 (9th Cir.1994).

> One of the primary purposes of the bankruptcy act is to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." This purpose of the act has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns *at the time of bankruptcy*, a new opportunity in life and a clear field for future effort. . . .

*Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citations omitted). This policy is also embodied in the Code.[10]

■ For the foregoing reasons, we conclude that a prepetition waiver of the dischargeability of a debt undermines the purpose of the Code to give an honest but unfortunate debtor a fresh start. The bankruptcy court correctly held that the prospective waiver of the dischargeability of the Debt was unenforceable.

B. *The Bankruptcy Court Did Not Err In Denying The Motion And Granting The Counter Motion.*

The bankruptcy court denied the Motion on the basis that (1) the Stipulated Judgment was not entitled to collateral estoppel application and (2) Appellant failed to state a claim for relief under § 523(a)(2)(A). Appellant argues that the bankruptcy court erred in denying the Motion because the facts set forth in the Stipulated Judgment, in addition to the admissions in Appellee's answer to the Complaint, established all of the elements of the § 523(a)(2)(A) cause of action. We disagree.

■ Appellant was required to prove by a preponderance of the evidence each of the following elements to support a § 523(a)(2)(A) cause of action: (1) the debtor made representations; (2) he knew that the representations were false at the time they were made; (3) the representations were made with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *See Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (citing *Eugene Parks Law Corp. De-*

---

10. *See, e.g.*, H.R.REP. No. 595, 95th Cong., 1st Sess. 384–85 (1977) (Section 727(a) "is the heart of the fresh start provisions of the bankruptcy law."); S.REP. No. 989, 95th Cong., 2d Sess. 98–99 (1978) (same). *See also In re Latanowich*, 207 B.R. 326, 334 (Bankr.D.Mass.1997) (stating that the purpose of the discharge injunction of § 524 is to ensure a debtor's "fresh start" by absolutely prohibiting a creditor from taking any action against the debtor personally to collect prepeti-

tion debts); *Walker v. M & M Dodge, Inc. (In re Walker)*, 180 B.R. 834, 840 (Bankr.W.D.La.1995) (stating that the "[d]ischarge is the legal embodiment of the 'fresh start' "); *In re Bowling*, 116 B.R. 659, 664 (Bankr.S.D.Ind.1990) ("A debtor's discharge and the protection of the permanent injunction are the most important components of the fresh start provided by the Bankruptcy Code.").

fined Ben. Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1457 (9th Cir.1992)).

1. *The Bankruptcy Court Did Not Err In Holding That Collateral Estoppel Did Not Apply To The Stipulated Judgment.*

The entire basis for Appellant's § 523(a)(2)(A) claim was the Stipulated Judgment. Specifically, Appellant argued that the Stipulated Judgment established that Appellant released the Writ of Attachment in connection with the Stipulated Judgment under false pretenses when Appellee represented that (1) he would not file for bankruptcy protection and (2) he had the ability to pay the Debt represented by the Stipulated Judgment. The Stipulated Judgment essentially provided that, in the event that Appellee filed for bankruptcy and attempted to discharge the Debt, Appellee agreed that the release of the Writ of Attachment was obtained under false pretenses.[11] Appellant sought to use these stipulated facts to establish the elements of § 523(a)(2)(A) under the doctrine of collateral estoppel.

 We have already concluded that the portion of the Stipulated Judgment that purported to waive Appellee's right to obtain a discharge of the Debt was unenforceable as against public policy. However, if the parties stipulated to the underlying facts that support a finding of nondischargeability, the Stipulated Judgment would then be entitled to collateral estoppel application. *See Levinson,* 831 F.2d at 1296 n. 3.

Here, the Complaint was based entirely on the facts asserted in the Stipulated Judgment. It stated that the occurrence of a future act (i.e., the act of filing for bankruptcy and attempting to discharge the Debt) would be deemed an admission that the release of the Writ of Attachment was obtained under false pretenses for purposes of § 523(a)(2)(A) and that the Appellant reasonably relied on Appellee's deemed fraud. This stipulated fact was just another attempt by Appellant to have Appellee prospectively waive his right to discharge the Debt in bankruptcy, and thus, was unenforceable.

In effect, Appellant is arguing that at the time of entering into the Stipulated Judgment, Appellee was defrauding Appellant and that Appellant reasonably relied upon Appellee's deemed fraud. This would be an absurd result.

 In addition, collateral estoppel could not possibly apply for several reasons. The generally accepted requirements for the application of collateral estoppel are: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) it must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceed-

11. The Stipulated Judgment stated in pertinent part:

> 5. IT IS FURTHER STIPULATED AND AGREED that . . .
> a. As a material covenant of this Stipulation for entry of Judgment, [Appellee] reaffirms and ratifies that he will not list the debt established by this Stipulation in any bankruptcy petition and request discharge of this debt under . . . the Bankruptcy Code . . . .
> . . . .
> 10. . . . [Appellant] agreed to release the lien of the writ of attachment with respect to [Appellee's] property, *based upon written representations made by [Appellee] that he had sufficient funds to pay the entire amount of the debt in the installments set forth in the Stipulation. Those representations related to [Appellee's] financial condition,* and Appellee stipulated that [Appellant] was reasonably relying upon those repre-

sentations in releasing the security which he held by virtue of the writs of attachment.
> 11. In the Stipulation for Entry of Judgment and Order thereon, [Appellee] specifically stipulated, gave his covenant and agreed that [Appellant] would not have released the security for the debt represented by the Stipulation but for the specific representations made by [Appellee] in relationship to the non-dischargeability of the debt, and, further, [Appellee] stipulated . . . that *if [Appellee] ever attempted to discharge the indebtedness represented by the Stipulation for Entry of Judgment and Order thereon for bankruptcy, that [Appellee] had obtained the release of [Appellant's] security for the debt under false pretenses, and that aid debt would be non-dischargeable under § 523(a)(2)(A)* . . . .
> Stipulation for Entry of J. and Order Thereon, at 5–6 (emphasis added).

ing. *See Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 257 (9th Cir. BAP 1995), *aff'd* 100 F.3d 110 (9th Cir.1996); *Berr v. FDIC (In re Berr)*, 172 B.R. 299, 304, 306 (9th Cir. BAP 1994).

The stipulated facts relate to a possible future cause of action in a possible future bankruptcy case. Thus, the stipulated facts have nothing to do with the merits of Appellant's state court lawsuit against Appellee. Indeed, it would not have been possible to litigate the issue of fraud (dependent upon a future bankruptcy) in Appellant's state court lawsuit.

Therefore, the stipulated facts could not have been necessary to the Judgment. In addition, since not relevant to it, the stipulated facts could not have been actually litigated. Indeed, the state court clearly lacked jurisdiction to litigate a § 523(a)(2) claim. Accordingly, the stipulated facts were nothing more than an invalid agreement that the Debt would be nondischargeable in a future bankruptcy.

Thus, the Stipulated Judgment as to deemed fraud had absolutely no evidentiary effect in the § 523(a)(2) adversary proceeding. Therefore, because there was no evidence to support Appellant's § 523(a)(2) claim, the Motion was properly granted.

Furthermore, Appellee's written statement that he had sufficient funds to pay the Debt qualifies as a financial statement which is expressly excluded from § 523(a)(2)(A). *See* 11 U.S.C. § 523(a)(2)(A).[12] Indeed, the Stipulated Judgment recognized that Appellee's representations about his ability to pay the Debt were representations related to Appellee's financial condition. Thus, § 523(a)(2)(A) did not apply.

Accordingly, we affirm on the basis that the Stipulated Judgment was not entitled to collateral estoppel effect because it contained an unenforceable waiver of discharge and did not establish the elements necessary for a nondischargeable debt under § 523(a)(2)(A).

### 2. Appellant Did Not Assert Any Other Basis To Support A Finding Of Nondischargeability Under § 523(a)(2)(A).

In addition, Appellant did not assert any other basis to support a determination of nondischargeability under § 523(a)(2)(A). The only documents that Appellant presented to support the § 523(a)(2)(A) cause of action, other than the Stipulated Judgment, were the state court complaint, the Complaint, Appellee's answer to the Complaint, and a declaration by Appellant's attorney, David J. Cook. The Motion stated that Appellant was entitled to summary judgment because Appellee admitted sufficient facts in the answer, in addition to the Stipulated Judgment, to support a finding of nondischargeability under § 523(a)(2)(A). However, as discussed *supra*, neither the state court complaint nor the Stipulated Judgment established sufficient facts to support the § 523(a)(2)(A) claim.

Additionally, while Appellee admitted in his answer all of the essential facts alleged in the Stipulated Judgment (other than the validity of the prepetition waiver of discharge), he did not admit to entering into the Stipulated Judgment for the purpose of obtaining

---

**12.** *See also Anastas v. American Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1285 (9th Cir.1996) ("We emphasize that the representation made by the card holder in a credit card transaction is not that he has an *ability* to repay the debt; it is that he has an *intention* to repay. Indeed, section 523(a)(2) expressly prohibits using a non-written representation of a debtor's financial condition as a basis for fraud."); *Tallant v. Kaufman (In re Tallant)*, 218 B.R. 58, 70 (9th Cir. BAP 1998) (and cases cited therein) (enunciating the narrow and broad definitions of statements respecting a debtor's financial condition); *Citibank (S.Dakota), N.A. v. Michel*, 220 B.R. 603, 605 (N.D.Ill. 1998) ("We need not concern ourselves with any representation about ability to repay because fraud claims based on this kind of representation are not permitted under § 523(a)(2)(A)."); *La Capitol Fed. Credit Union v. Melancon (In re Melancon)*, 223 B.R. 300, 322 (Bankr.M.D.La. 1998) ("An assertion of ability to repay is a statement regarding financial condition, and § 523(a)(2)(A) bars consideration of such a statement." However, ability to repay may be a factor in determining the debtor's intent.) (citations omitted); *Sears, Roebuck & Co v. Homschek (In re Homschek)*, 216 B.R. 748, 752–53 (Bankr. M.D.Pa.1998) ("I find that a representation of an ability to pay does, in fact, respect the debtor's financial condition."); *First Card Servs., Inc. v. Kitzmiller (In re Kitzmiller)*, 206 B.R. 424, 426 (Bankr.N.D.W.Va.1997) ("A representation that the debtor has the ability to repay is a statement of the debtor's financial condition.").

a release of the Writ of Attachment under false pretenses, false representation, or actual fraud. Appellant also submitted the Cook declaration in support of the Motion. However, the declaration merely restated the terms and conditions of the Stipulated Judgment and asserted that the Stipulated Judgment was entitled to collateral estoppel application. Consequently, all of the evidence presented to the bankruptcy court in support of the Motion was related to the Stipulated Judgment, which did not establish the requisite facts to support the § 523(a)(2)(A) claim.

Finally, we note that, after the bankruptcy court granted the Counter Motion in part because the Stipulated Judgment was not entitled to collateral estoppel application, the bankruptcy court gave Appellant an opportunity to amend the Complaint to allege a new claim for fraud or false representation. However, Appellant failed to amend the Complaint, and the bankruptcy court granted the Counter Motion in full.

Because Appellant failed to assert any basis other than the Stipulated Judgment to support his § 523(a)(2)(A) claim, the bankruptcy court did not err when it denied the Motion and granted the Counter Motion.

## V. CONCLUSION

In sum, the bankruptcy court did not err in denying the Motion and granting the Counter Motion. The clause contained in the Stipulated Judgment that purported to waive the bankruptcy discharge was unenforceable as against public policy. Additionally, the Stipulated Judgment upon which Appellant solely relied to support the § 523(a)(2)(A) claim was not entitled to collateral estoppel application because it did not satisfy all of the elements of § 523(a)(2)(A).

Accordingly, we AFFIRM.