**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1057-CTaF |
| ) | |
| JUN HO YANG and HO SOON HWANG ) YANG, ) | Bk. No.   2:04-bk-19539-RN |
| ) | Adv. No.  2:13-ap-01936-RN |
| Debtors.        ) | |
| _____) | |
| ) | |
| JUN HO YANG; HO SOON HWANG    ) YANG, ) | |
| ) | |
| Appellants,    ) | |
| ) | |
| v.                           ) | **MEMORANDUM**[*] |
| ) | |
| FUND MANAGEMENT INTERNATIONAL,) LLC, ) | |
| ) | |
| Appellee.     ) | |
| _____) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed – February 17, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Richard M. Neiter, Bankruptcy Judge, Presiding

_____

Appearances:    Mark Edwards of Heller & Edwards argued for
appellee Fund Management International, LLC

_____

_____

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

Before: CORBIT[**], TAYLOR and FARIS, Bankruptcy Judges.

**INTRODUCTION**

Chapter 7 debtors Jun Ho Yang and Ho Soon Hwang Yang appeal the summary judgment of the bankruptcy court determining that a judgment debt owed by the Yangs to appellee Fund Management International, LLC ("FMI") is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).[1] While only Jun Ho Yang ("Yang") actively managed the companies, the nondischargeability complaint also named his wife, Ho Soon Hwang Yang, as a defendant. FMI consistently alleged in both the state court and in the nondischargeability action that Ms. Yang participated in the fraud by knowingly accepting the benefits of the FMI funds diverted by her husband for their personal use. FMI also alleged that she was "fully aware of the facts of the fraud at the time it was occurring." Thus, any reference to Yang is with the understanding that his wife was also found culpable.

Yang's arguments, as presented in his appellate materials, were devoid of merit and generally contravened by the record. Additionally, without notice to this court or to opposing counsel, Yang failed to appear before the Panel as scheduled.

For the reasons that follow, we hold that the bankruptcy court did not err in granting FMI's summary judgment motion. The

---

[**] Hon. Frederick P. Corbit, Chief Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

bankruptcy court properly found Yang's judgment debt was nondischargeable based on specific facts. The bankruptcy court did not rely on an unenforceable prepetition waiver contained in a settlement agreement. Additionally, the bankruptcy court did not abuse its discretion by declining to conduct an evidentiary hearing as to Yang's understanding of the effect of the Settlement Agreement and Stipulation for Entry of Judgment because Yang did not properly raise this issue at the trial court. Accordingly, we AFFIRM.

## FACTUAL BACKGROUND

Only a brief recitation of facts is necessary, because the facts giving rise to the judgment at issue are not in dispute.[2] Yang was the president and principal of With Sam Ma, Inc. ("Samma"). Samma was in the business of loaning money secured by vehicle titles. In 1998, Samma solicited capital from individuals by advertising in the Los Angeles Times. FMI responded to Samma's advertisement. After meeting with Yang, FMI "made an initial investment of $170,000 in Samma."[3] FMI made

---

[2] The bankruptcy court found in its Findings of Uncontroverted Facts and Conclusions of Law that "Yang stipulated to the facts alleged in [FMI's] State Court Complaint." The bankruptcy court was referring to FMI's state court complaint filed in the Superior Court of the State of California against the Yangs and other defendants (entitled Fund Management International, LLC v. Jun Ho Yang, et. al. (LASC BC244935) ("State Court Complaint")). Yang does not dispute this finding.

[3] Initially, the timing of this appeal may appear confusing given that the state court judgment (found by the bankruptcy court to be nondischargeable) was entered in 2003 and Yang received a bankruptcy discharge in 2004. However, the bankruptcy case was reopened in 2013 to litigate the dischargeability of the
(continued...)

3

additional subsequent loans of various amounts to Samma based on Yang's continued representations that all "capital was being used to make loans secured by vehicle titles and that there were no losses." In total, FMI loaned Samma approximately $3,930,000.00. Each loan was memorialized by a written contract. The terms of each loan contract included, inter alia, that (1) "FMI would receive monthly interest payments," (2) if FMI requested, Samma would repay FMI's principal investment amount within one month of the demand, (3) FMI's "investment funds would be used to make loans to qualified parties who would surrender collateral in the form of clear title to their motor vehicle, and that the maximum loan would be forty percent of the wholesale value of the vehicle," (4) the vehicle "titles would not be used or pledged as collateral or security for any other transactions," (5) FMI would be informed of any circumstances that might negatively affect its investment, and (6) Samma "would be run in compliance with all applicable rules, statutes and laws."

Initially, FMI received regular payments on its investments. However, after a couple of years, Samma became delinquent in making its monthly distributions to FMI. Yang assured FMI that Samma was doing fine and that the delay in payments was strictly a function of changes in the vehicle title loan industry. Not convinced, FMI made repeated requests for a "complete accounting of Samma's portfolio of loans." Yang did not comply. Rather, he

[3](...continued)
judgment debt after it found that "[FMI] . . . did not receive notice of [Yang's 2004] bankruptcy filing and discharge until 4/8/2013 when [Yang] faxed [FMI] a letter regarding the discharge of its debt as a result of this 2004 bankruptcy filing."

4

made repeated excuses to delay producing the documents. When Yang finally provided FMI with accounting documents, the documents contained numbers that FMI later learned had been intentionally changed to deliberately overstate assets and receivables. Additionally, FMI learned that Yang had used some of the money FMI invested in Samma to "make business loans to third parties that were outside the scope of Samma's business" and to purchase various parcels of real property in Yang's individual name.

After discovering that Yang had used FMI's investment funds for non-intended and non-approved purposes, FMI "demanded a return of its capital." Yang told FMI that "he did not have the money and could not repay it unless he was given some time." In response, rather than immediately taking legal action, FMI proposed to work with Yang to help him to repay his debts. Although Yang indicated he was in favor of FMI's proposed plans, he failed to cooperate. Thus, because of Yang's (1) continued refusal to cooperate, (2) admissions to FMI that he had intentionally misrepresented Samma's assets, (3) admissions that he had ordered staff to deliberately mislead FMI as to the health and compliance of Samma, and (4) liquidation and conversion of Samma's assets to his own personal use, FMI initiated legal proceedings against Yang in an attempt to recoup its capital investment.

State Court Proceedings

FMI filed its proceedings against Yang in California state court in 2001. FMI's State Court Complaint alleged, among other causes of action, claims for fraud, conversion, breach of

5

fiduciary duty and constructive fraud.  Almost two years later, after extensive litigation and discovery, the parties resolved the case by entering into a settlement agreement ("Settlement Agreement").  The parties also stipulated to entry of judgment ("Stipulation for Entry of Judgment") in FMI's favor in the amount of $3,000,000.00.  The Settlement Agreement set out a schedule of payments.  Additionally relevant to this appeal, is the language Yang approved in both the Settlement Agreement and the Stipulation for Entry of Judgment stipulating and admitting to the facts as alleged in FMI's State Court Complaint. Specifically, paragraph 12 of the Settlement Agreement provided:

> Yang **stipulates to the facts supporting the claims made against him** and that said facts and claims allege liability for, that he is admitting liability for and that the facts and claims are within the meaning of 11 U.S.C.A. 523 . . . .  Yang agrees that this stipulation can be used in favor of FMI or its assignees and against Yang in any action in which Yang or a business entity owned and controlled by Yang is a party to an action for protection under the Bankruptcy Code.

(Emphasis added.)  Paragraph 3 of the Stipulation for Entry of Judgment stated: **"Yang admits to the facts as alleged in the FMI, Samma and GWSM complaint** in this action and consents to the entry of a judgment in the amount of $3,000,000 based on these facts." (Emphasis added.)

When Yang subsequently defaulted under the Settlement Agreement, a judgment ("State Court Judgment") was entered in the state court action against Yang for $3,660,090.00 pursuant to the Stipulation for Entry of Judgment.

Bankruptcy Court Proceedings

In 2004, after the State Court Judgment was entered, Yang

6

filed for bankruptcy and received a discharge. FMI did not learn about Yang's bankruptcy until 2013. FMI then promptly filed a Motion to Reopen the Case for the Purpose of Litigating Complaint for Non-Dischargeability, that was subsequently granted.

FMI then filed its first motion for summary judgment, seeking a determination that Yang's liability under the State Court Judgment was nondischargeable pursuant to §§ 523(a)(2)(A) and (a)(3)(B). In its summary judgment motion, FMI asserted that the doctrine of collateral estoppel precluded relitigation of FMI's fraud claims. At the hearing on the summary judgment motion, FMI argued that regardless of whether collateral estoppel applied, Yang's stipulation to all of the facts contained in the State Court Complaint demonstrated that Yang had obtained money from FMI through fraudulent means and that the judgment debt should be determined nondischargeable. The bankruptcy court denied FMI's summary judgment motion on the basis of collateral estoppel. However, the court indicated that FMI could file another summary judgment motion based on the stipulated facts.

Pursuant to the bankruptcy court's ruling, FMI filed a second motion for summary judgment asserting that the facts stipulated to by Yang in the State Court Complaint demonstrated the nondischargeability of the subject debt. Although the bankruptcy court again denied FMI's motion for summary judgment, the denial was due to procedural deficiencies rather than a denial on the merits.

FMI corrected the deficiencies and filed its third motion for summary judgment. FMI again argued that the stipulated facts should be considered undisputed and that those facts established

7

nondischargeability pursuant to §§ 523(a)(2)(A) and (a)(3)(B). After allowing additional briefing, the bankruptcy court issued an order granting FMI's third motion for summary judgment. The bankruptcy court entered Findings of Uncontroverted Facts and Conclusions of Law (primarily based on the stipulated facts) in support of its judgment.

Yang timely filed his appeal of the bankruptcy court's grant of summary judgment.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.  Whether the bankruptcy court found that Yang waived his right to pursue discharge of the judgment debt by signing the Settlement Agreement that included a prepetition waiver clause.

2.  Whether the bankruptcy court erred by relying on the stipulated facts to find the judgment debt nondischargeable.

3.  Whether the bankruptcy court erred by not conducting an evidentiary hearing to determine whether Yang was fully informed as to the effects of signing the Settlement Agreement and Stipulation for Entry of Judgment.

## STANDARD OF REVIEW

We review de novo the bankruptcy court's grant of summary judgment. SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.), 571 F.3d 826, 834 (9th Cir. 2009). We also review de novo

8

whether a debt is excepted from discharge under § 523(a)(2)(A). Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa), 258 B.R. 192, 195 (9th Cir. BAP 2001).  We review the bankruptcy court's findings of fact for clear error and the court's conclusions of law de novo.  See Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 880 (9th Cir. 1995).  We review a bankruptcy court's evidentiary rulings for abuse of discretion.  First Card v. Carolan (In re Carolan), 204 B.R. 980, 984 (9th Cir. BAP 1996).  A bankruptcy court abuses its discretion if it applies the wrong legal rule or if its "application of the [correct] rule was illogical, implausible, or without support in the record."  Chun v. Korean Airlines Co., Ltd. (In re Korean Air Lines Co. Ltd., Antitrust Litig.), 642 F.3d 685, 698 & n.11 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**I.   The bankruptcy court did not find Yang waived his right to seek discharge.**

Yang argues that the bankruptcy court treated his stipulation as "a waiver of discharge, which is unenforceable." Yang's argument is both difficult to follow and contradicted by the record.  The bankruptcy court specifically found that Yang had not waived his right to obtain a discharge.  Rather, the court found that Yang had stipulated to certain facts and those facts, when taken together, supported a finding of nondischargeability.

Yang correctly argues that prepetition bankruptcy waivers are unenforceable.  See Bank of China v. Huang (In re Huang),

9

275 F.3d 1173, 1177 (9th Cir. 2002); Hayhoe v. Cole (In re Cole), 226 B.R. 647, 651-54 (9th Cir. BAP 1998). This circuit has continually reaffirmed that prepetition waivers of bankruptcy discharge are unenforceable as against public policy. See Cont'l Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 671 F.3d 1011, 1026 (9th Cir. 2012) (reaffirming the holding in In re Huang, and again citing with approval to In re Cole, the finding that "it is against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code."). Thus, the bankruptcy court would have erred if it relied on the prepetition waiver in the Settlement Agreement to find that Yang's judgment debt was nondischargeable.

However, the court (contrary to Yang's argument) did not rely on the Settlement Agreement to find waiver or that the debt was nondischargeable. Rather, the court looked behind the Settlement Agreement to the facts.[4] After analyzing the facts, the court found that the debt was for money obtained by fraud, within the terms of the nondischargeability statute. Indeed, in its ruling denying FMI's first motion for summary judgment, the court expressly stated that it would **not** find the Settlement

[4] The bankruptcy court relied on the Settlement Agreement and the Stipulation for Entry of Judgment to find that Yang had admitted to the facts as alleged in the State Court Complaint. However, there is no evidence that the bankruptcy court's reliance on the stipulated facts was error. Indeed, dicta in In re Cole supports the bankruptcy court's reliance on Yang's stipulation as to the underlying facts. In In re Cole, this court acknowledged that while prepetition waivers are unenforceable, "if the parties [had] stipulated to the underlying facts that support a finding of nondischargeability, the Stipulated Judgment would then be entitled to collateral estoppel application." In re Cole, 226 B.R. at 655.

10

Agreement collaterally estopped Yang from seeking discharge of the debt simply because it contained a prepetition bankruptcy waiver clause. Rather, the court explained that it would look to the facts to determine the nature of a debt. The appropriateness of a bankruptcy court's examination of the facts to determine the nature of a debt, despite the existence of an unenforceable prepetition waiver clause, has been expressly affirmed by the Supreme Court. See Archer v. Warner, 538 U.S. 314, 319-20 (2003) (explaining that "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt" and that a bankruptcy court retains the power to determine if the settlement agreement represents a debt for money obtained by fraud). Ultimately, the bankruptcy court found that the facts, not the Settlement Agreement, demonstrated that the debt was for money obtained by fraud and, therefore, nondischargeable.

Although Yang attempts to challenge the bankruptcy court's grant of summary judgment on the basis that the bankruptcy court used the Settlement Agreement as a waiver of his right to seek discharge of the debt, Yang fails to identify anything in the record to support his argument. Yang's arguments are based on conclusory statements, without factual support or case law authority, and have failed to convince this Panel that the bankruptcy court erred. See Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008) (noting that reviewing court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). In this case, the record

11

clearly refutes Yang's assertions. As discussed above, the bankruptcy court did not find that Yang stipulated to waive his right to discharge. Rather, the bankruptcy court correctly looked behind the Settlement Agreement to the specific facts to which Yang stipulated to determine whether the judgment debt was a debt for money obtained by fraud and therefore, nondischargeable pursuant to § 523(a)(2)(A).[5] Thus, Yang has failed to demonstrate that the bankruptcy court improperly found that he waived his right to seek discharge of the judgment debt.

## II. The bankruptcy court did not err in finding the facts as alleged in the State Court Complaint clear, precise, and sufficient to make a determination of nondischargeability.

Yang also argues that the bankruptcy court committed error because the stipulated facts on which it relied were too vague to support a finding of nondischargeability. Importantly, Yang does not argue (1) that the bankruptcy court applied the wrong law, (2) that his stipulation was involuntary, (3) that he did not actually stipulate to the facts as alleged by FMI in its State Court Complaint, or (4) that the Settlement Agreement or the Stipulation for Entry of Judgment are invalid. Rather, the only argument Yang makes is that the stipulated facts were too vague for the bankruptcy court to find nondischargeability. In order for Yang to succeed on such an argument, Yang must establish that the bankruptcy court's findings were clearly erroneous, or in

_____

[5] Even if the prepetition waiver clause contained in the Settlement Agreement precluded our reliance on its contents, the Stipulation for Entry of Judgment also clearly stated that Yang admitted to the facts as alleged in FMI's State Court Complaint. The Stipulation does not contain any similar prepetition waiver language and thus forms an adequate basis for the determination that Yang stipulated to facts establishing nondischargeability.

12

other words, "illogical, . . . implausible, . . . or without support in inferences that may be drawn from the record." See Hinkson, 585 F.3d at 1262. Yang fails to satisfy this burden.

First, the record demonstrates that the bankruptcy court properly found Yang stipulated to the facts contained in FMI's State Court Complaint. Both the Supreme Court and the Ninth Circuit have repeatedly affirmed that "stipulations serve both judicial economy and the convenience of the parties, [and] courts will enforce them absent indications of involuntary or uninformed consent." CDN Inc. v. Kapes, 197 F.3d 1256, 1258 (9th Cir. 1999); see also Brawders v. Cty. of Ventura (In re Brawders), 503 F.3d 856, 863 (9th Cir. 2007) (stating that "basic contract principles apply in interpreting stipulations"). Additionally, the Supreme Court has emphasized that parties will be bound by facts to which they stipulate.

> Factual stipulations are binding and conclusive, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, or to maintain a contention contrary to the agreed statement, or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted.

Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez, 561 U.S. 661, 677 (2010) (internal citations and alterations omitted). Thus, a "defendant who has stipulated to the admission of evidence cannot later complain about its admissibility" unless he can show that the stipulation was involuntary. United States v. Technic Servs., Inc., 314 F.3d 1031, 1045 (9th Cir. 2002), overruled on other grounds by United States v. Contreras, 593 F.3d 1135 (9th Cir. 2010); see contra Wank v. Gordon (In re Wank), 505 B.R. 878, 889-90 (9th Cir. BAP

13

2014) (finding sufficient evidence to indicate statements in a declaration were given involuntarily and therefore, not reliable).

Because Yang "admit[ted] to the facts as alleged in the FMI . . . complaint," he was bound by them. Indeed, Yang's "factual stipulations [were] formal concessions that [had] the effect of withdrawing [those] fact[s] from issue and dispensing wholly with the need for proof of the fact." Christian Legal Soc., 561 U.S. at 677-78 (internal citations and alterations omitted). Although Yang does not agree with the bankruptcy court's conclusion based on those facts, Yang provides no support demonstrating that the bankruptcy court erred in relying on the facts alleged in FMI's State Court Complaint.

Additionally, Yang's conclusory statement that the stipulated facts were vague and unclear is unsupported and contradicted by the clear and precise facts laid out in FMI's forty-one page State Court Complaint and subsequently restated in the bankruptcy court's Findings of Uncontroverted Facts and Conclusions of Law. Contrary to Yang's argument, the bankruptcy court thoughtfully and carefully laid out very specific and clear facts relevant to each of the elements of § 523(a)(2)(A). Yang fails to plead facts or provide evidence demonstrating that the bankruptcy court's findings were illogical, implausible, or without support.

**III. The bankruptcy court did not abuse its discretion by failing to hold an evidentiary hearing.**

Finally, Yang argues that the bankruptcy court abused its discretion by failing to conduct an evidentiary hearing in order

14

to determine if he reasonably foresaw the effect of signing the Settlement Agreement and Stipulation for Entry of Judgement. We decline to consider this issue on appeal, as it was not properly raised before the bankruptcy court in the first instance.

> Ordinarily, federal appellate courts will not consider issues not properly raised in the trial courts. An issue only is properly raised if it is raised sufficiently to permit the trial court to rule upon it.

> Notwithstanding this general rule, [a] reviewing court may consider an issue raised for the first time on appeal if (1) there are exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

Ezra v. Seror (In re Ezra), 537 B.R. 924, 932-33 (9th Cir. BAP 2015) (internal citations and quotation marks omitted). In this case, Yang did not request an evidentiary hearing as to his understanding of the Settlement Agreement until his Motion for Rehearing on the court's grant of FMI's motion for summary judgment. Thus, Yang failed to adequately and timely raise this argument in the bankruptcy court. Additionally, Yang fails to establish that the issue falls within any of the exceptions that would make the issue appropriate for the Panel to consider. Indeed, Yang cites no extraordinary circumstances. In fact, Yang provides no reason whatsoever as to why he failed to argue this issue at the trial court. Nor has Yang argued or presented evidence demonstrating that he did not have a full and fair opportunity to timely bring this issue before the bankruptcy court. Finally, this issue is not purely an issue of law. Rather, Yang's understanding of a document would be an entirely

15

factual issue.

**CONCLUSION**

For the reasons set forth above, the bankruptcy court is AFFIRMED.

16