NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PAUL Y. JOHNSON; CELESTE C. JOHNSON,<br><br>Debtors,<br><br>------------------------------<br><br>PAUL Y. JOHNSON; CELESTE C. JOHNSON,<br><br>Appellants,<br><br>  v.<br><br>W3 INVESTMENT PARTNERS, LP,<br><br>Appellee. | No.   18-60025<br><br>BAP No. 17-1194<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted November 7, 2019**
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Paul and Celeste Johnson appeal the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's summary judgment in an adversary proceeding brought by W3 Investment Partners, LP. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm. "We review decisions of the BAP de novo." *In re Cellular 101, Inc.*, 539 F.3d 1150, 1154 (9th Cir. 2008).

First, the BAP correctly affirmed the bankruptcy court because all parties intended the stipulated judgment to be given collateral estoppel effect on the issue of fraud. In particular, the stipulated judgment satisfied the "actually litigated" element for collateral estoppel because that was the parties' intent, *see Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 788 P.2d 1156, 1159 (Cal. 1990),[1] and Appellants admitted to fraud in the settlement documents and in the stipulated judgment. The stipulated judgment is thus nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Second, the stipulated judgment does not violate public policy or amount to a prepetition waiver of discharge. Contrary to Appellants' assertions, *In re Cole*, 226 B.R. 647 (B.A.P. 9th Cir. 1998), and *In re Wank*, 505 B.R. 878 (B.A.P. 9th Cir. 2014), are inapposite. In *Cole*, the underlying state court complaint contained no allegations of fraud in connection with the promissory note that gave rise to the

_____

[1] In evaluating the issue preclusive effect of a state court judgment, we apply the forum state's law of issue preclusion. *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001).

2

debt at issue. In this case, the factual admissions in the stipulated judgment directly relate to the fraud claim at issue. And unlike the declaration in *Wank*, which was only to be unsealed and presented if the debtor filed for bankruptcy, here the stipulation to the facts in the state court was made at the time of settlement and relied upon by the state court when it entered the judgment.

**AFFIRMED.**