**In re Paul J. MAPOTHER, Debtor.**

**Bankruptcy No. 3–85–00954.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 10, 1985.

---

Richard H. Shuster, Louisville, Ky., for debtor.

E. Bryan Davis, Louisville, Ky., for creditor, Thomas C. Mapother.

## ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bizarre matter comes before the Court in a posture which tests the flexibility of the Rules of Bankruptcy Procedure as well as the Federal Rules of Civil Procedure. The ultimate relief requested is the entry of a judgment without the benefit of a Complaint, and a determination of nondischargeability without a hearing thereon.

The debtor filed a Chapter 7 petition on April 29, 1985 listing in his petition the creditor and debt now specifically in issue. July 22, 1985 was set as the last day for filing of objections to discharge under Section 727 and filing of Complaints alleging nondischargeability under Section 523 of the Code. On May 21, 1985, the parties filed a "Stipulation of Nondischargeability", the terms of which provided that the debt was $2,000.00, that said debt was nondishargeable and would be so determined in any action brought on said issue; and that the debtor wished to avoid the expense and inconvenience of litigation. Finally, the debtor consented to the entry of an Order determining said debt to be nondischargeable and entry of judgment against him. The creditor agreed that no execution on the tendered Order would issue for six (6) months from date of entry thereof. This "Stipulation of Nondischargeability" was executed by the debtor, his counsel and counsel for the creditor. This document was placed in the main file but was never presented by motion or otherwise for action thereon by the Bankruptcy Judge. On August 14, 1985, a discharge was granted the debtor.

Subsequent to the entry of debtor's discharge, the creditor requested the tendered Order be signed. This court overruled the request, holding there was no pending Complaint on which Judgment could be granted. Creditor now moves for permission to file a Nondischargeable Complaint after the time limit set for such actions and for entry of judgment on this tendered Complaint in light of the previously denoted "Stipulation of Nondischargeability", wherein the debtor admits the indebtedness, its nondischargeability, and further consents to entry of judgment.

In this zealous attempt to remedy the effect of the discharge on this debt, reference is made to Rules of Bankruptcy Procedure 4007(c) and 9006(b)(3) which provide:

Rule 4007. Determination of Dischargeability of a Debt.

(c) Time for filing complaint under Section 523(c) in Chapter 7 liquidation and Chapter 11 reorganization cases; notice of time fixed. A complaint to determine the dischargeability of any debt pursuant to Section 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On mo-

tion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis added).

Rule 9006. Time.

(b) Enlargement.

(3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), *4007(c)*, and 8002 only to the extent and under the conditions stated in those rules. (Emphasis added).

It is uncontroverted in the instant case that the Motion to extend the time for filing of a nondischargeability Complaint was made on September 11, 1985 and the time originally set for filing of such Complaints expired on July 22, 1985.

■ For the reasons hereinafter set forth, the creditor's Motion to file a nondischargeability Complaint and Motion for Judgment be and they are hereby overruled.

The issue of the nondischargeable nature of this debt was mutually resolved between the parties, ably represented by counsel, before the date set for filing of complaints to determine the ultimate question, which they resolved by agreement. Unfortunately, this "Agreement" was not in such form as permitted entry of a judgment or reduction of this Stipulation to an enforceable state. Thereafter, when the need for enforcement remedies became apparent, there existed no judgment vesting in the creditor the right now sought to be exercised. Additionally, time for filing of such an action had passed, prompting the Motions here under consideration.

In construing Rules 4007(c) and 9006(b)(3), courts have consistently held that an extension of time may only be granted where so moved *before* time has expired. As noted in *In re Grant*, 45 B.R. 265 (Bkrtcy.D.Maine, 1984):

"... the Court may only extend the time for filing objections to discharge or objections to the dischargeability of a spe-

cific debt if the motion for the enlargement of time is made prior to the expiration of the specified time period. *See* Bankruptcy Rules 9006(b)(3); 4004(a) and (b); 4007(c). The Rules have removed the excusable neglect test from the Court's consideration when the motion is made after the expiration date." *Id* at 266, n. 3.

Of like import is *In re Barr*, 47 B.R. 334, 336 (Bkrtcy.E.D.N.Y., 1985) which states:

The court has no discretion to grant such a request when it is made after the deadline has past. *See In re Floyd*, 37 B.R. 890 (Bankr.N.D.Texas, 1984; *In re Lane*, 37 B.R. 410, 11 B.C.D. 707 (Bankr.E.D. Va., 1984); *In re Waldman*, 33 B.R. 328, 11 B.C.D. 81 (Bankr.S.D.N.Y., 1983); *In re Johnson*, 35 B.R. 79 (Bankr.Conn., 1983). "It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of exclusable neglect in failing to timely object to discharge of a claim." *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D.N.Y., 1983).

The mandatory nature of Rule 9006(b)(3) has been recognized as to those rules specifically denoted therein in *In re LBL Sports Center, Inc.*, 684 F.2d 410 (6th Cir. 1982). *See also, In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bkrtcy.Utah, 1985).

While this court is unable to grant the relief requested in the manner sought, attention is directed to the provisions of 11 U.S.C. Section 727(a)(10) which provides:

Section 727. Discharge.

(a) The court shall grant the debtor a discharge, unless—

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

■ While case law is strangely silent as to what constitutes the elements of an effective waiver of discharge, it is apparent such waiver must present a conscious and informed judgment by the debtor as to the consequences thereof, specifically denote

the creditor(s) covered thereby, and any terms or provisions qualifying such waiver. All these elements are present in the "Stipulation of Nondischargeability" filed by the parties hereto after the order for relief under Chapter 7. Since the waiver of discharge requires no stylized format but only an unequivocal waiver by the debtor of his right to a discharge against certain creditor(s) pursuant to Section 727(a)(10), and the court finding that the "Stipulation of Nondischargeability" filed of record satisfies the requirements of said Section 727(a)(10),

IT IS HEREBY ORDERED that the "Stipulation of Nondischargeability" is approved as a written waiver of discharge of this debt pursuant to Section 727(a)(10).

This constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052.

This is a final and appealable Order and there is no just cause for delay.