**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0993n.06
Filed: December 20, 2005

No. 04-6300

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**STEVEN JAY LICHTENSTEIN,**

     *Appellant,*

                                         On Appeal from the United States

**v.**                                     District Court for the Western District

                                       of Kentucky, Louisville Division

**ROBERTA J. BARBANEL,**

     *Appellee.*

**BEFORE: GUY and GIBBONS, Circuit Judges; and EDMUNDS, District Judge.**[*]

**PER CURIAM.** The question presented in this appeal is whether the bankruptcy court correctly concluded that a court-approved stipulated waiver of discharge of a specific debt, entered into by Appellant Stephen Lichtenstein ("Dr. Lichtenstein") in his first Chapter 7 bankruptcy case, was a valid, enforceable waiver of discharge under 11 U.S.C. § 727(a)(10), and thus excepted that debt, owed to his ex-wife Appellee Roberta Barbanel ("Ms. Barbanel"), from discharge in his second Chapter 7 bankruptcy case under 11 U.S.C. § 523(a)(10). The Bankruptcy Court held that the stipulated waiver was valid, and the district court agreed. For the reasons discussed below, we affirm.

**I.**

---

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

In early November 1990, Dr. Lichtenstein began divorce proceedings against his ex-wife, Appellee Roberta Barbanel ("Ms. Barbanel"), in state court. About seven months later, in June 1991, Dr. Lichtenstein filed a voluntary petition seeking relief under Chapter 13 of the United States Bankruptcy Code, listing Ms. Barbanel as a disputed creditor. That case was dismissed on Dr. Lichtenstein's own motion in August 1991.

On September 23, 1991, Dr. Lichtenstein then filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code, listing Ms. Barbanel as a disputed creditor. The bankruptcy court immediately modified the automatic stay, allowing the state-court divorce action to proceed on disputed issues of child custody and support, maintenance, alimony, and division of marital assets and liabilities.

In the bankruptcy case, Ms. Barbanel filed a proof of claim, objected to Dr. Lichtenstein's claimed exemptions, sought discovery from Dr. Lichtenstein concerning his assets, debts, and financial affairs, and moved for more time to file a complaint pursuant to 11 U.S.C. §§ 727 and 523, challenging the dischargeability of certain debts. Dr. Lichtenstein sought a protective order, seeking to prevent Ms. Barbanel's discovery requests.

On January 22, 1992, in exchange for Ms. Barbanel's agreement to withdraw all pending motions and objections in his bankruptcy case, Dr. Lichtenstein entered into a Stipulation of Nondischargeability of any claims Ms. Barbanel may have arising out of their pending state-court divorce action. The Stipulation provided that, subject to the bankruptcy court's approval, "Dr. Lichtenstein hereby stipulates to the nondischargeability of any claims which Mrs. Lichtenstein has

against Dr. Lichtenstein arising out of or related to the Marital Dissolution Action, including but not limited to, any matter adjudicated by the Jefferson Circuit Court in the Marital Dissolution Action."

On January 23, 1992, the bankruptcy court approved entry of an Agreed Order providing, in pertinent part, that:

> In consideration for [Dr. Lichtenstein] entering into a Stipulation of Nondischargeability (a copy of which is attached hereto) and the filing of such Stipulation with this Court simultaneously with the tendering of this Agreed Order, Roberta J. Lichtenstein ("Mrs. Lichtenstein") agrees that upon Court approval of such Stipulation, she will withdraw all pending Motions and Objections filed on her behalf in connection with this case (including her Objection to Exemptions filed on November 13, 1991) and shall not further participate in any way in such case.

Dr. Lichtenstein subsequently received a discharge in his initial Chapter 7 bankruptcy case.

On June 6, 1996, the state court presiding over the divorce proceedings between Dr. Lichtenstein and Ms. Barbanel, entered an order requiring Dr. Lichtenstein to pay Ms. Barbanel $179,294.21 for child support, the marital share of his medical practice, medical expense arrearages, maintenance, other marital debts, and Ms. Barbanel's attorneys' fees. On August 28, 1998, this order was affirmed by the Kentucky Court of Appeals. Dr. Lichtenstein made approximately 18 payments, totaling $8,817.74. February 28, 2000 was the last date Dr. Lichtenstein made any payments.

On January 30, 2003, Ms. Barbanel filed a motion in the state-court divorce action seeking, *inter alia*, that Dr. Lichtenstein be held in contempt of court for failing to make payments in compliance with the court's June 6, 1996 order. A January 29, 2004, hearing date was set by the state court.

On January 12, 2004, Dr. Lichtenstein filed a second Chapter 7 voluntary petition for bankruptcy and simultaneously filed an adversary proceeding with the bankruptcy court, seeking a determination on the dischargeability of the debt owed to Ms. Barbanel under the June 6, 1996 state-court divorce judgment, now totaling over $500,000 because of accrued interest.

On February 17, 2004, Ms. Barbanel filed a motion to dismiss the adversary proceeding, arguing that the Stipulation of Nondischargeability, approved by the bankruptcy court in Dr. Lichtenstein's first Chapter 7 bankruptcy case, was a valid waiver of discharge under § 727(a)(10) and thus excepted from discharge in his second Chapter 7 bankruptcy case under § 523(a)(10).

On May 12, 2004, the bankruptcy court granted Ms. Barbanel's motion seeking dismissal, concluding that Dr. Lichtenstein "waived his right to challenge the dischargeability of the debt arising from the parties' [Divorce] Action when he entered into the Stipulation and it was approved by the Bankruptcy Court." It reasoned that, because the stipulation was in writing and approved by the Bankruptcy Court as required under 11 U.S.C. § 727(a)(10), "the Stipulation constitutes a waiver of discharge" in a prior Chapter 7 bankruptcy case. Accordingly, under 11 U.S.C. § 523(a)(10), it "is *res judicata* in this [subsequent] Chapter 7 case." "A determination of nondischargeability in one bankruptcy case has *res judicata* effect on the same debt in a subsequent case." Dr. Lichtenstein's motion for reconsideration was subsequently denied. Dr. Lichtenstein filed a timely appeal of these decisions to the United States District Court for the Western District of Kentucky.

On October 18, 2004, the district court concluded that the bankruptcy court "was correct in all respects" and affirmed its decision that "a stipulation of nondischargeability entered into by Dr. Lichtenstein in his first Chapter 7 case was a valid waiver of discharge under 11 U.S.C. § 727(a)(10)

in his second Chapter 7 case."  Moreover, because the Stipulation satisfied the formality requirements under § 727(a)(10) of being in writing and approved by the bankruptcy court, it "is, in effect, *res judicata* in [Dr. Lichtenstein's] subsequent bankruptcy."

The district court, applying the plain language found in § 727(a)(10), rejected Dr. Lichtenstein's argument that a waiver of discharge is enforceable only if it (a) applies to all debts, or (b) satisfies the reaffirmation requirements of 11 U.S.C. § 524(c).  It likewise rejected Dr. Lichtenstein's argument that the bankruptcy court's decision improperly prohibited him from challenging the reasonableness of the debt owed to Ms. Barbanel.  It observed that Dr. Lichtenstein can raise his reasonableness challenge in the state court presiding over the divorce proceedings and further observed that "the alleged unreasonableness arises solely from Lichtenstein's failure to pay the original debt in a timely fashion."

Dr. Lichtenstein filed a timely notice of appeal on October 21, 2004.  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## II.

This Court, in reviewing a bankruptcy decision appealed to the district court, directly reviews the decision of the bankruptcy court.  The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*.  *In re Am. Homepatient, Inc.*, 414 F.3d 614, 617 (6th Cir. 2005).

On appeal, Dr. Lichtenstein argues that the bankruptcy court erred because:  (1) a waiver of discharge under 11 U.S.C. § 727(a)(10) is valid and enforceable only if it waives discharge of all debts as opposed to a single debt; (2) the Stipulation waived only a single debt and thus must satisfy

the reaffirmation of debt requirements under § 524(c) and it failed to do so; (3) the Stipulation is governed by § 524(c) and not § 727(a)(10), and thus is not entitled to any *res judicata* effect under § 523(a)(10); and (4) lacking *res judicata* effect, the court-approved Stipulation entered in the first Chapter 7 bankruptcy case did not bar the bankruptcy court in the second Chapter 7 bankruptcy case from determining the reasonableness of the debt that was the subject of that earlier court-approved Stipulation. We reject each of these arguments and affirm the bankruptcy court's decision.

**A.       Valid and Enforceable Waiver Under § 727(a)(10)**

Section 727(a)(10) provides that the Bankruptcy Court "shall grant the debtor a discharge, unless" it "approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." 11 U.S.C. § 727(a)(10).[1] Although the Bankruptcy Code does not define "waiver of discharge," the Supreme Court has defined "waiver" as "the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). *Accord In re Mapother*, 53 B.R. 433, 435-36 (Bankr. W.D. Ky. 1985) (observing in a case dealing with the waiver of discharge of a single debt that an effective waiver under § 727(a)(10) requires "only an unequivocal waiver by the debtor of his right to a discharge against certain creditor(s)"). Dr. Lichtenstein executed the written Stipulation of Nondischargeability after he filed his first Chapter 7 petition for relief in bankruptcy court. When he executed the written Stipulation and moved the bankruptcy court to enter an order approving that

---

[1] 11 U.S.C. § 727(a)(10) provides that:

(a)  The court shall grant the debtor a discharge, unless–
(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

Stipulation, he intentionally and unequivocally relinquished his right to have the debt it addressed discharged in that first bankruptcy case. Accordingly, once the bankruptcy court approved the Stipulation of Nondischargeability and entered the Agreed Order on January 23, 1992, it became a valid waiver of discharge under § 727(a)(10).

Dr. Lichtenstein's argument that § 727(a)(10) permits only waivers of all debts as opposed to a single debt is not supported by the plain language of that Section. Section 727(a)(10) contains no textual limitation on partial waivers of dischargeability, nor is there any textual indication that such a limitation is intended. To add to or amend the plain language of that Section would violate one of the core principles of statutory construction. *Telespectrum v. Public Serv. Comm'n of Kentucky*, 227 F.3d 414, 421 (6th Cir. 2000). Accordingly, we decline to require valid waivers of discharge to waive all debts under § 727(a)(10) and hold that the bankruptcy court properly concluded that the court-approved Stipulation executed by Dr. Lichtenstein in his first bankruptcy case was a valid § 727(a)(10) waiver of discharge of the debt it addressed.

**B.      Effectiveness of the Stipulation is Governed by § 727(a)(10), Not § 524(c)**

Dr. Lichtenstein next argues that to effectively avoid the discharge a single debt, a creditor must comply with the reaffirmation provisions under § 524(c). The bankruptcy court erred, Dr. Lichtenstein argues, when it concluded that a waiver under § 727(a)(10) would suffice. We disagree.

A similar argument was rejected in *Saler v. Saler (In re Saler)*, 205 B.R. 737 (Bankr. E.D. Pa. 1997), *aff'd,* 217 B.R. 166 (E.D. Pa. 1998). In that case, the bankruptcy court observed that "the debtor has the right to waive his discharge as to *all* debts, by virtue of section 727(a)(10), simply by

executing a postbankruptcy written agreement which is approved by the bankruptcy court." *In re Saler*, 205 B.R. at 746. Thus, the court reasoned, it made no sense to "protect a debtor from his own actions and thus render unenforceable an agreement in favor of one creditor but which, in identical form, would be enforceable in favor of all creditors." *Id.* (citing *In re Mapother*, 53 B.R. 433 (Bankr. W.D. Ky. 1985) as support).

On appeal, the district court held that the bankruptcy court properly distinguished between reaffirmation agreements and nondischargeability agreements and concluded that §§ 524(c)(2) and (c)(3) of the Bankruptcy Code governed the requirements for reaffirmation agreements only. *In re Saler*, 217 B.R. at 169. It observed that the debtor and creditor had entered into a nondischargeability agreement, not a reaffirmation agreement. *Id.* It further observed that "[o]nce that agreement was approved by the Bankruptcy Court, it had the same force as a court's order." *Id.* Thus, by virtue of the post-petition waiver of discharge agreement in the first bankruptcy proceeding, the debt was rendered nondischargeable. Examining the plain language of § 524, the court concluded that "by its terms, [it] only applies to reaffirmation of *dischargeable* debts." *Id.* (emphasis added).[2] "Therefore, by the terms of section 524, the agreement could not be governed by that section." *Id*. *Accord Martinelli v. Valley Bank of Nev. (In re Martinelli)*, 96 B.R. 1011, 1014 (BAP 9th Cir. 1988) (observing that "Section 524(c) by its express terms only applies to debts that

---

[2]11 U.S.C. § 524(c) provides, in pertinent part, that:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is *dischargeable* in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if – [certain requirements for reaffirmation of the debt are satisfied]. (Emphasis added.)

are dischargeable" and thus in this case "where the parties have stipulated that the debt is nondischargeable, the provisions of § 524(c) are not applicable.").

After evaluating § 524's legislative history, the court concluded that it likewise confirms that § 524 "was intended to govern reaffirmation agreements and [was] not intended to govern or limit dischargeability agreements." *In re Saler*, 217 B.R. at 169. (citing legislative history). Adoption of a statutory argument similar to the one advanced here, the court noted, "would lead to an illogical result." *Id.* If § 524 applied to post-petition nondischargeability agreements, as the debtor urged, that section and the bankruptcy rules would allow the debtor to "enter into a nondischargeability agreement, wait until the time for the creditor to file [dischargeability litigation] has passed and then rescind the agreement." The district court concluded that Congress would not intend such a result. *Id. Accord Indiana Nat'l Bank v. Lones (In re Lones)*, 50 B.R. 801, 803 (Bankr. W.D. Ky. 1985) (observing that Bankruptcy Rule 4004(c)(3) "concerning a debtor who filed a waiver under Section 727(a)(10) contemplates something separate and apart from a reaffirmation under Section 524(c), or there would be no necessity to defer entry of an order granting a discharge for 30 days to permit a debtor to enter into a reaffirmation agreement.").

Similar to the facts presented in *In re Saler*, Dr. Lichtenstein and Ms. Barbanel entered into a Stipulation of Nondischargeability in Dr. Lichtenstein's first bankruptcy case. They did not enter into a reaffirmation agreement. When the court in that first bankruptcy case approved and entered the Agreed Order detailing their nondischargeability agreement, the debt at issue was no longer dischargeable. Because § 524(c), by its terms, only applies to agreements reaffirming *dischargeable* debts, it cannot be used here by Dr. Lichtenstein to protect him from his own actions and to allow

him to render void a post-petition, court-approved waiver of discharge that satisfies all the statutory requirements of § 727(a)(10).

The decisions Dr. Lichtenstein relies on for a contrary result are distinguishable. Unlike the post-petition Stipulation of Nondischargeability at issue here, these decisions address pre-petition, prospective waivers of a bankruptcy discharge entered in non-bankruptcy cases. *See Klingman v. Levinson*, 831 F.2d. 1292, 1292-96, 1296 n.3 (7th Cir. 1987) (observing in *dictum* that public policy reasons preclude a debtor from contracting away a right to obtain a discharge in bankruptcy on a specific debt in the future); *Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 651-54 (BAP 9th Cir. 1998) (concluding that such pre-petition waivers are void as against public policy); *Chilcoat v. Minor (In re Minor)*, 115 B.R. 690, 694-96 (D. Colo. 1990) (holding that a pre-petition waiver of discharge of debt in a state court action was unenforceable in a subsequent bankruptcy case because it failed to satisfy the statutory requirements for a waiver of discharge under § 727(a)(10) or for reaffirmation of a dischargeable debt under § 524(c)); *Marra, Gerstein & Richman v. Kroen (In re Kroen)*, 280 B.R. 347, 351 (Bankr. D. N.J. 2002) (observing that "such waivers are void, offending the policy of promoting a fresh start for individual debtors"); *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge)*, 80 B.R. 581, 586 (Bankr. M.D. Ga. 1987) (holding that a pre-petition state-court consent judgment waiving debtor's right to discharge a particular debt violates the spirit of the Bankruptcy Code and is thus void).

Similar to the court in *In re Cole*, the bankruptcy court here properly distinguished between decisions addressing the validity of "prepetition waivers of discharge resulting from state court litigation" and those holding "that waivers of discharge did not have to comply with the

reaffirmation requirements of § 524." *In re Cole*, 226 B.R. at 652 (citing *Martinelli v. Valley Bank of Nev. (In re Martinelli)*, 96 B.R. 1011, 1014 (BAP 9th Cir. 1988); *Saler v. Saler (In re Saler)*, 205 B.R. 737, 744 (Bankr. E.D. Pa. 1997), *aff'd*, 217 B.R. 166 (E.D. Pa. 1998); and *Laing v. Johnson (In re Laing)*, 1993 WL 732230, at *4 (N.D. Okla. Oct. 25, 1993), *aff'd*, 31 F.3d 1050 (10th Cir. 1994) as falling within the second category of cases). The decisions the bankruptcy court relied upon addressed stipulations or agreements not to discharge a specific debt in the context of "nondischargeability litigation in the bankruptcy court and not litigation in the state court." *In re Cole*, 226 B.R. at 652. This is an important distinction because "[i]n prebankruptcy litigation, the question of the dischargeability of the debt is not in issue." *Id.* at 652-53 (quoting *In re Saler,* 205 B.R. at 745-46). It is, however, the central issue in bankruptcy dischargeability litigation. *Id.* at 653. "Consequently, a state court stipulated judgment where the debtor waives his right to discharge is unenforceable as against public policy. However, a stipulation in a related bankruptcy case that a debt is nondischargeable is enforceable and res judicata." *Id.* (citing *In re Saler*, 205 B.R. at 749).

We agree with the decisions in *In re Saler* and *In re Cole*. A pre-petition stipulation in a state-court action waiving a debtor's right to obtain a discharge of a specific debt in a future bankruptcy case is void because it offends the public policy of promoting a fresh start for individual debtors. Because it is executed before bankruptcy proceedings begin and is not approved by a bankruptcy court, such pre-petition waivers of discharge do not satisfy the statutory requirements for a waiver of discharge under § 727(a)(10). In circumstances like those presented here, however, where § 727(a)(10)'s requirements have been satisfied and the bankruptcy court has approved the

waiver of dischargeability, there is no reason not to give it effect. Because its approval is required, the bankruptcy court can assure that the waiver is fair to both the debtor and other creditors.

The remaining decisions Dr. Lichtenstein relies on are likewise distinguishable. Unlike the post-petition stipulation of nondischargeability at issue here, the post-petition agreement to "affirm" a debt in *Airlines Reporting Corp. v. Mascoll (In re Mascoll)*, 246 B.R. 697 (Bankr. D.C. 2000), was never approved by the bankruptcy court and thus was held unenforceable under both §§ 727(a)(10) and 524(c). In *Rul-Lan v. Rul-Lan (In re Rul-Lan)*, 186 B.R. 938 (Bankr. W.D. Mo. 1995), the bankruptcy court's order granting relief from the automatic stay, thus allowing the creditor wife to pursue a judgment in a pending state-court divorce proceeding, was held insufficient to satisfy § 727(a)(10)'s waiver of discharge requirements. Finally, *In re Catron*, 186 B.R. 194 (Bankr. E.D. Va. 1995), and *In re Smyth*, 277 B.R. 353 (Bankr. N.D. Ohio 2001), addressed the validity of reaffirmation agreements, not post-petition waiver of discharge agreements.

We therefore conclude that a validly approved waiver of discharge, meeting the § 727(a)(10) requirements, need not comply with § 524(c).

**C.      The Post-Petition Stipulation is Entitled to *Res Judicata* Effect Under § 523(a)(10)**

We now address the final issue raised in Dr. Lichtenstein's appeal -- whether the post-petition Stipulation of Nondischargeability of the debt owed Ms. Barbanel, which was approved by the Bankruptcy Court in Dr. Lichtenstein's first bankruptcy case, precludes relitigation of the dischargeability that same debt in his subsequent bankruptcy case.

Section 523(a)(10) provides that a prior discharge in bankruptcy "does not discharge an individual from any debt" that "the debtor waived" from discharge. 11 U.S.C. § 523(a)(10).[3] Because we have determined that the court-approved 1992 Stipulation of Nondischargeability entered in Dr. Lichtenstein's first bankruptcy case is a valid and enforceable waiver of discharge under § 727(a)(10), it has a *res judicata* effect on the same debt that was the subject of that waiver in his subsequent bankruptcy case. *See In re Saler*, 217 B.R. at 169-70 (citing *Webb v. McIntosh (In re Webb)*, 157 B.R. 614, 616 (Bankr. N.D. Ohio 1993)). Moreover, "[a]lthough by agreement rather than by litigation, that order has the same effect as a district court's judgment on the merits." *In re Laing*, 31 F.3d at 1051 (internal quote and citations omitted). Dr. Lichtenstein chose to enter into the 1992 Stipulation rather than litigate the dischargeability of Ms. Barbanel's debt in connection with their on-going divorce proceedings. He cannot avoid this nondischargeable debt by filing another bankruptcy action. *See In re Saler*, 217 B.R. at 170. Contrary to his arguments here, Dr. Lichtenstein is not foreclosed from challenging the reasonableness of his current debt to Ms. Barbanel. Just as Dr. Lichtenstein challenged the reasonableness of the amount of his original debt owed to Ms. Barbanel in the state-court divorce proceeding and in the Kentucky Court of

---

[3]11 U.S.C. § 523(a)(10) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a), (3), (4), (5), (6), or (7) of this title, or under 14c(1), (2), (3), (4), (6), or (7) of such Act.

Appeals, he can now return to the Jefferson Family Court and raise this argument about his current debt.

### III.

For the foregoing reasons, we affirm the bankruptcy court's decision.