**In re David R. RICH, Debtor.**

**Todd Barnett, Plaintiff**

v.

**David R. Rich, Defendant.**

**Bankruptcy No. 08–51169.**
**Adversary No. 08–2142.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 25, 2009.

Teri G. Rasmussen, Plunkett Cooney, Columbus, OH, for Plaintiff.

Michael T. Gunner, Hilliard, OH, for Defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff's Motion for Partial Summary

Judgment (Doc.# 13) and the Defendant's Memorandum Contra thereto (Docs. # 12 and # 14), filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of reference entered in this District. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(I). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727,

730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548.

## II. Findings of Fact

Both parties alleged numerous facts; however, this Court can only make findings of facts which are supported with evidentiary material or which are stipulated.[1] Upon the pleadings, affidavits and other materials in the record, the Court makes the following limited findings of fact:

The Plaintiff, Todd E. Barnett ("Plaintiff") is married to Kristen Barnett ("Mrs.Barnett"). The Defendant, David R. Rich ("Defendant") is Mrs. Barnett's former husband. Plaintiff and Defendant first met in late September 2004. Sometime thereafter, Defendant began making defamatory statements about Plaintiff throughout the community, accusing him of a criminal past involving embezzlement, forgery, crimes against women and children, and child abuse. As a result of the verbal onslaught, Plaintiff lost his job. The defamatory statements were and are false, and Defendant knew that they were false at the time he was making them.

In August 2005, Plaintiff filed an action for defamation against Defendant in the Court of Common Pleas of Franklin County, Ohio, case # 05–CVH–08–8836. A trial was held in the case in March 2007. A tape recording of Defendant making defamatory statements was played at the trial and admitted into evidence. After conclusion of presentation of evidence, but before the case was submitted to the jury, the parties engaged in mediation, and were successful in reaching a settlement. The terms of the settlement were stated on the record in the common pleas court; however, the parties were unable to agree on a written settlement agreement. Although the discussion of counsel on the record was

---

1. Pursuant to Rule 56(e), an affidavit submitted into the record in support of a motion for summary judgment must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(3)(1). In support of Plaintiff's Motion for Summary Judgment, Plaintiff submitted his own affidavit. The affidavit fails to demonstrate that Plaintiff as affiant is competent to testify as to the matters contained therein, or that the evidence would be admissible. The affidavit iterates facts which typically would not be within the personal knowledge of Plaintiff, such as "In an effort to gain leverage in the ... child custody dispute, as well as destroy the new relationship between [Mrs. Barnett] and myself, [Defendant] began to spread false rumors ... about me...." The introductory paragraph of the affidavit provides that the affiant "states the following to be true of his own personal knowledge and belief." Although the affidavit states that it is based on personal knowledge, there are no additional statements in the affidavit from which the Court could discern the source of the Plaintiff's knowledge of the facts articulated in the affidavit, or that Plaintiff would be competent to testify about those facts. Statements based on belief are not admissible.

Some of Defendant's materials filed in opposition to the Motion for Partial Summary Judgment similarly lack evidentiary quality. Documents submitted in connection with a dispositive motion must be authenticated in some fashion. Defendant submitted with his Memorandum Contra a transcript of a portion of the proceedings before the common pleas court, in which the parties stated the terms of their settlement. The transcript is not certified by the court reporter, or authenticated in any way.

Notwithstanding these defects, neither party objected to the other's evidence or moved to strike the defective documents. Therefore, any objections are waived. 11 Moore's Federal Practice, § 56.14[2][c] fn.101–103 (Matthew Bender 3d ed.).

somewhat murky, the terms stated on the record did not include some of the terms contained in the settlement agreement proposed by Plaintiff's counsel.

Not to be stymied, Plaintiff filed a motion to enforce the settlement agreement in June 2007, attaching a copy of the proposed agreement drafted by his counsel (the "Proposed Agreement"). At about the same time, Defendant's state court attorney withdrew as Defendant's counsel. Being unaware of the rules of motion practice before the common pleas court, Defendant failed to respond to Plaintiff's motion to enforce the settlement. The common pleas court ultimately entered a Decision and Entry Granting Plaintiff's Motion to Enforce Settlement Agreement (the "Entry") on July 17, 2007, without a hearing; the Entry directed Defendant to execute and comply with the Proposed Agreement.[2] Approximately two months later, new counsel for Defendant filed a motion for relief from the court's Entry pursuant to Ohio Rule of Civil Procedure 60(b). The record does not reflect whether the common pleas court ruled on that motion. Because Defendant disputed and continues to dispute that the Proposed Agreement accurately reflects the agreement between the parties, Defendant never executed it.

On September 28, 2007, Defendant filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. That case was dismissed December 12, 2007, never having attained confirmation of a Chapter 13 plan. On February 13, 2008, Defendant filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. Plaintiff followed with the instant adversary proceeding, alleging that he suffered injuries and damages as a result of the Defendant's conduct, and that the injuries constitute willful and malicious injury by Defendant excepted from the Chapter 7 discharge pursuant to § 523(a)(6) of the Bankruptcy Code.

## III. Law and Analysis

In short, the Plaintiff complains that the Defendant engaged in a pattern of making defamatory statements about the Plaintiff, resulting in serious injury to the Plaintiff. To rub salt in the wounds, after Plaintiff sued Defendant, Defendant agreed to a settlement, but later refused to consummate the settlement. In the First Claim of Plaintiff's Amended Complaint, he seeks a declaration that his damages attributable to the defamation are nondischargeable. In the Second Claim, the Plaintiff seeks a declaration that damages attributable to the failed settlement agreement are also nondischargeable (although few, if any facts are alleged to show that Plaintiff was injured or that the injury was willful and malicious). Finally, in the Third Claim, Plaintiff asserts that his legal fees incurred as an outgrowth of the Defendant's conduct are nondischargeable.

 Because the overarching purpose of the Bankruptcy Code is to provide a fresh start to those in need of relief from the efforts of creditors,[3] exceptions to discharge are to be strictly construed against the complaining party. *Rembert v. AT & T Universal Card Serv., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998). However, the relief provided by the Bankruptcy Code is intended only for the "honest but unfortunate" debtor and not to protect perpetrators of fraud or those who

---

**2.** Interestingly, while the court stated in the order that the terms of settlement were reasonably certain and clear, it did not state that the Proposed Agreement fairly sets forth those terms.

**3.** *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

engage in egregious conduct. *Grogan*, 498 U.S. at 287, 111 S.Ct. 654.

■ Section 523(a) of the Bankruptcy Code provides in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity....

11 U.S.C. § 523(a)(6). Because the word "willful" in the statute modifies the word "injury," the United States Supreme Court has concluded that § 523(a)(6) requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). "[T]he actor must intend 'the *consequences* of an act,' not simply 'the act itself.'" *Id.* at 61–62, 118 S.Ct. 974 (emphasis in original) (citation omitted).

■ Willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). *See also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.2001). The focus is on the debtor's state of mind. The fact that the debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz*, 190 F.3d at 465 n. 10. Similarly, damages arising from conduct which is reckless or negligent do not fall within the purview of § 523(a)(6). *Kawaauhau*, 523 U.S. at 59, 118 S.Ct. 974.

■ The requirement of maliciousness is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and

(4) there is no just cause or excuse for the action. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir.1991); *Jercich*, 238 F.3d at 1209.

There are two aspects to this adversary proceeding: the defamation, and the failure to execute and comply with the Proposed Agreement. The Court will address these separately, then consider the Plaintiff's request for attorneys' fees in its Third Claim.

### A. First Claim—Defamation

■ As to the defamation, the record simply does not contain any evidence that Defendant's conduct resulted in *willful* injury to Plaintiff, inasmuch as there is no showing that Defendant had a desire to cause the consequences of his defamation, or believed that injury was substantially certain to result. Citing *Maaskant v. Peck (In re Peck)*, 295 B.R. 353 (9th Cir. BAP 2003), Plaintiff suggests that the defamation was *per se* willful injury. However, Plaintiff's reliance on *Peck* is misplaced. In that case, the court interpreted and applied a California statute which creates a presumption of injury in cases of defamation. Plaintiff pointed to no such statute in Ohio, and this Court is aware of none.

The Defendant does not contest that he committed a wrongful act (defamation), that he did so intentionally, or that he lacked just cause or excuse for his actions. However, the record does not demonstrate *malicious* injury, inasmuch as there is no showing that Defendant's acts necessarily caused Plaintiff's injuries.

■ Plaintiff relies heavily on the Proposed Agreement, as if it was executed by Defendant. Plaintiff implies that, because the Entry of the common pleas court mandated that Defendant sign the Agreement, the document is entitled to the same weight as a signed one. Plaintiff points

primarily to two provisions of the Agreement: first, a provision that Defendant admitted culpability, and second, a provision that the debt would be nondischargeable in any subsequent bankruptcy by Defendant.

■ Notably, Plaintiff offers no authority for the premise that the unsigned Proposed Agreement should be afforded substantial weight. Moreover, the common pleas court did not incorporate the terms of the Proposed Agreement in a judgment or adopt the Agreement as its own decision or judgment. "A federal court is required to give a state court judgment the same preclusive effect that the judgement would have in state court." *Helfrich v. Thompson (In re Thompson)*, 262 B.R. 407, 410 (6th Cir. BAP 2001) (citing *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir.1999)). However, the Entry is not a final, appealable state court judgment which sets forth the amount and nature of a debt. The common pleas court only ordered the Defendant to execute the Proposed Agreement and comply with its terms. Thus, the Entry does not have any preclusive effect, and this Court cannot rely on it for a determination of dischargeability.

■ Even if the unsigned Agreement or the Entry was vested with some weight, the admission of culpability by Defendant admits only to guilt. The term "culpability" is defined as blameworthiness. Black's Law Dictionary 406 (8th ed.1999); Webster's Third New International Dictionary 552 (2002). Of course, blameworthiness can emanate from negligence or recklessness as well as intent.[4] Thus, a simple admission of culpability, without more

specificity, is insufficient to meet the standards required by § 523(a)(6).

■ Additionally, it is well settled that "[a] pre-petition stipulation in a state court action waiving a debtor's right to obtain a discharge of a specific debt in a future bankruptcy case is void because it offends the public policy of promoting a fresh start for individual debtors." *Lichtenstein v. Barbanel*, 161 Fed.Appx. 461, 468 (6th Cir. 2005). "Because [they are] executed before bankruptcy proceedings begin and [are] not approved by a bankruptcy court, such pre-petition waivers of discharge do not satisfy the statutory requirements for a waiver of discharge under § 727(a)(10)." *Id.*

## B. Second Claim—Failure to Execute Proposed Agreement

■ The Court turns now to the failure of Defendant to execute the Proposed Agreement. The remedy afforded by § 523(a)(6) generally applies to torts rather than to contracts. An intentional breach of contract generally will not give rise to a nondischargeable debt, unless it is accompanied by tortious conduct which results in willful and malicious injury. *Jercich*, 238 F.3d at 1205. *Accord Kawaauhau*, 523 U.S. at 62, 118 S.Ct. 974. *Cf. Texas v. Walker*, 142 F.3d 813, 823–24 (5th Cir.1998).

The record is devoid of any evidence that when he failed to execute the Agreement, Defendant either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result therefrom. Furthermore, there is no evidence pertaining to any of the elements of maliciousness. Conversely, it is clear that there is a genuine issue of

---

4. In the context of criminal liability, the term "culpability" is defined in the Ohio Revised Code as "purpose, knowledge, recklessness, or negligence...." Ohio Rev.Code § 2901.21(D)(3). As discussed above, recklessness and negligence are not sufficient to support a finding of willful and malicious injury under § 523(a)(6).

material fact regarding whether the parties had agreed on the terms contained in the Proposed Agreement.

### C. Third Claim—Attorneys' Fees

"Ancillary obligations such as attorneys' fees and interest may attach to the primary debt; consequently, their status depends on that of the primary debt." *In re Hunter*, 771 F.2d 1126, 1131 (8th Cir.1985); *see also In re Foster*, 38 B.R. 639, 642 (Bankr.M.D.Tenn.1984) ("When a debt evidenced by a note or other contract allowing attorneys' fees and other costs of collection is determined nondischargeable, the attendant attorneys' fees and costs are similarly nondischargeable.").

*Klingman v. Levinson*, 831 F.2d 1292, 1296–97 (7th Cir.1987). Because the Court cannot yet determine any debt owed by Defendant to Plaintiff nondischargeable, the Court cannot at the present time render judgment on the dischargeability of attorneys' fees asserted in the Third Claim of Plaintiff's Complaint. Additionally, Plaintiff has not shown that an award of attorneys' fees is authorized under Ohio or federal statute.

### IV. Conclusion

Although the Court cannot enter final summary judgment for the Plaintiff on the issue of dischargeability, the Court can enter a partial summary judgment regarding certain facts. The record is clear that Defendant engaged in spreading defamatory statements throughout the community in which he and Plaintiff live, and that he did so intentionally. It is further clear that there was no just cause or excuse for his conduct. Left for trial are (1) the issue of whether he intended his acts to injure Plaintiff or he believed that injury was substantially certain to result from his conduct, necessary for a finding of willfulness, (2) the issue of whether Defendant's acts

necessarily caused Plaintiff's injuries, required for a finding of maliciousness, and (3) the measure of Plaintiff's damages. Plaintiff's Motion for Partial Summary Judgment is granted as set forth herein. A trial shall be set by separate notice.

**IT IS SO ORDERED.**