**IN RE: Shariffuh JENERETTE, Debtor.**

**Case No. 16-45430**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed September 29, 2016

Richard A. Green, Law Offices of Richard A. Green, Northville, Michigan, Attorney for Consumer Portfolio Services, Inc.

Jeffrey David Thav, Thav Law Office, .P.L.L.C., Bingham Farms, Michigan, Attorney for Debtor

## ORDER DENYING CONSUMER PORTFOLIO SERVICES, INC.'S MOTION FOR RECONSIDERATION

Thomas J. Tucker, United States Bankruptcy Judge

This case is before the Court on a motion filed on September 27, 2016 by Consumer Portfolio Services, Inc. ("CPS"), entitled "Motion for Reconsideration on Behalf of Consumer Portfolio Services, Inc." (Docket # 24, the "Motion"). The Motion seeks reconsideration of the Court's September 13, 2016 Order denying CPS's motion to reopen this bankruptcy case. (Docket # 23, the "September 23 Order"). The September 23 Order denied the motion by CPS which sought to reopen the case "to permit the creditor to file a reaffirmation agreement," because the Court determined that the reaffirmation agreement at issue (the "Reaffirmation Agreement") was unenforceable, because it was not "made" until after the Debtor was granted a discharge. *See* 11 U.S.C. § 524(c)(1).

In the present Motion, CPS argues that although both parties to the Reaffirmation Agreement did not sign it before the Court entered an order granting the Debtor a discharge on July 19, 2016, the Reaffirmation Agreement was nevertheless "made," within the meaning of 11 U.S.C. § 524(c)(1), before the Debtor's discharge.[1] ·(*See* Mot. at ¶ 24.) This is so, according to CPS, because "there was a meeting of the minds between CPS and the Debtor regarding the Reaffirmation Agreement" before Debtor was granted a discharge, and

---

1. Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727."

"[b]oth CPS and the Debtor intended to enter into it and be bound by its requirements." (*See id.* at ¶¶ 23-25.)

The Court has reviewed and considered the Motion, and finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

In addition, the Court finds that the allegations in the Motion do not establish excusable neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, or any other valid ground for relief from the September 23 Order.

 Finally, the Court must reject CPS's argument, because the Court concludes that a reaffirmation agreement is not "made," within the meaning of 11 U.S.C. § 524(c)(1), until the written reaffirmation agreement is signed by both the debtor and the creditor. *See In re Siegal*, 535 B.R. 5, 13 (Bankr. D. Mass. 2015) (quoting *In re Salas*, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (citing *In re Herrera*, 380 B.R. 446, 450–51 (Bankr. W.D. Tex. 2007); *Whitehouse v. LaRoche*, 277 F.3d 568, 574 (1st Cir. 2002); *Lichtenstein v. Barbanel*, 161 Fed.Appx. 461 (6th Cir. 2005); *In re Turner*, 156 F.3d 713, 718 (7th Cir.1998); *Lee v. Yeutter*, 917 F.2d 1104, 1106 n. 3 (8th Cir.1990); *Republic Bank of Ca. v. Getzoff (In re Getzoff)*, 180 B.R. 572, 574–75 (9th Cir. B.A.P. 1995); and *Schott v. WyHy Fed. Credit Union (In re Schott)*, 282 B.R. 1, 7 (10th Cir. B.A.P. 2002)) (" 'Made' means signed by the parties to the agreement."); *see also In re Golladay*, 391 B.R. 417, 422 n.1 (Bankr. C.D. Ill. 2008).

One of the reasons why this is so is because under § 524 every reaffirmation agreement must be in writing,[2] and a *written* agreement is not made until both sides sign it. Until that occurs, the parties have only, at most, an *oral* agreement. And an *oral* reaffirmation agreement is not enforceable under § 524(c).

 The Court finds the cases cited by CPS in support of its position to be unpersuasive. To the extent those cases are inconsistent with the Court's ruling here, the Court respectfully disagrees with them. Rather, the Court agrees with the majority of bankruptcy courts, which "look to the date of execution of the reaffirmation agreement as the sole indicator of when a reaffirmation agreement is 'made' " *See In re Picciano*, No. 07–11084–RGM, 2008 WL 1984255, at *2 (Bankr. E.D. Va. May 5, 2008) (citations omitted).

For these reasons,

IT IS ORDERED that the Motion (Docket # 24) is denied.

---

**2.** Section 524(c)(3) requires that a reaffirmation agreement be filed with the Court in order to be enforceable. This necessarily means that in order to be enforceable, the reaffirmation agreement must be a *written* agreement.